[Civ. No. 1238. Fourth Appellate District.—April 19, 1934.]

PEARL LUBENKO et al., Respondents, v. SAN JOAQUIN BAKING COMPANY (a Corporation) et al., Appellants.

Ray W. Hays for Appellants.

H. A. Savage and W. D. Crichton for Respondents.

BARNARD, P. J.—This is an action for damages brought by the heirs of Martin Lubenko, who was killed in an automobile collision which occurred at the intersection of Butler Avenue and Cedar Avenue near the city of Fresno on September 20, 1931. A Reo truck about fifteen or sixteen feet long and weighing from 5,200 to 5,500 pounds, owned by the defendant corporation and driven by the individual defendant, was proceeding east on Butler Avenue and came into collision with a Star automobile driven by the deceased, which was proceeding south on Cedar Avenue. From a judgment in favor of the plaintiffs based upon the verdict of a jury, the defendants have appealed.

It is appellants' theory that this intersection is what is known as a blind corner in so far as one traveling south on Cedar is concerned but is not a blind corner to one traveling east on Butler; that the impact of the two vehicles occurred in the southeast corner of the intersection; that this fact demonstrates that Lubenko was traveling on the wrong side of Cedar Avenue; and that the only logical inference that may be drawn from the evidence is that Lubenko, while traveling at an excessive rate of speed on the wrong side of

the road, entered the intersection without looking and crashed into the side of the bakery truck.

■ It is first insisted that the evidence conclusively shows that the driver of the truck was free from negligence. This driver testified that his speed as he proceeded east on Butler was not more than thirty miles an hour at any time; that when he arrived at a point about 110 or 115 feet west of the intersection he looked to his left and saw no car coming; that when he was within 100 feet of the intersection he could see "better than" 200 feet north on Cedar; that after so looking to the north he looked to the south and saw an automobile coming north on Cedar; that he was watching this other car; that as he entered the intersection he again looked to the north and saw the Lubenko car almost entering the intersection; that he immediately put his foot on the brake but at the impact of the cars he lost control of his truck and drifted into the fence on the other side; that he did not think he was going more than twenty miles an hour as he entered the intersection; that it appeared to him that the other car was coming at about the same rate of speed or maybe a little faster; that the two cars came together on the southeast corner; and that after his car came to a stop he backed up from four to six feet and stopped.

On the other hand, there was evidence that the Lubenko car came to rest on Butler Avenue about fifty feet east of the center line of Cedar Avenue; that the truck first stopped about 100 feet east from the center of the intersection; and that the driver thereof then backed the truck some forty-five or fifty feet and stopped between the Lubenko car and the curb. One witness testified that he lived about two blocks from the scene of the accident; that he heard the impact and ran to the alley, where he had a clear view of what had happened; that he went right over to the scene of the accident; that the Lubenko car was on Butler Avenue about fifty feet east of the center line of Cedar; that the radiator and the front of that car were not damaged; that the side of that car was crushed in and the frame was bent and the front wheels were broken off at the hub; that there were marks on the oiled surface of Butler Avenue beginning at a point about six feet south of the center line of Butler and about three or four feet east of the center line of

Cedar and extending east about fifty feet; that along these marks the road was all chopped up like something had been dragged and shoved along the road; and that the front bumper of the truck was knocked off. Another witness, who lived in a house facing Butler Avenue, being the first house west of Cedar Avenue, there being a vacant lot or lots intervening, testified that just prior to the accident she looked out of her kitchen window and saw the Lubenko car approaching Butler; that at that time this car was opposite her kitchen window and was traveling about fifteen miles an hour; that she looked away an instant and then heard the crash; that when she looked up "they were just coming together and he was dragging the car down the road"; that it appeared to her that the collision occurred right in the center of the intersection; that the truck hit the other car on the side; and that the truck dragged the Lubenko car sideways twenty-five to fifty feet. Another witness testified that he was in the yard of his home, a block west and a block north of the intersection in question; that he looked across a vacant lot and saw the truck for a distance of about 100 feet when it was about a block away from the intersection in question; that at that time the truck was traveling between fifty and fifty-five miles an hour; that he heard the impact and went to the scene of the accident; that the Star car was dented in back of the driver's seat and the front wheels were demolished; that the bumper on the truck was broken off and the left front wheel was bent or sprung; that he observed marks on the surface of Butler Avenue; that these marks looked "just like a hoe dragged over it for a short ways"; and that these marks began at a point about six feet south of the center line of Butler Avenue and about three or four, or maybe two, feet east of the center line of Cedar and extended east for about forty feet. A state traffic officer testified that there were no brake marks before the collision, or practically none, but that after the collision there were brake marks of the truck for about eight or ten feet; that the Star car was upside down on Butler Avenue; that it was fifty-two shoelengths from the first skid marks to the Lubenko car; and that his shoe was thirteen inches long. The appellant Hudson testified that the two front wheels of the Lubenko car were knocked off or crushed but that

he did not think that car was dragged at all. When asked how he thought it got to the point where it came to rest he replied "It bounced down there."

While the appellants maintain that this intersection was not a blind corner so far as they are concerned, the evidence would justify the jury in finding that a driver's view to the north as he approached from the west was not unobstructed for the required distance. They rely on certain evidence given by one witness who testified that at a point 100 feet west on Butler he could see 210 feet north on Cedar and on the testimony of the appellant Hudson that when he was within 100 feet of Cedar he could see · better than 200 feet north on that street. The first of these witnesses did not testify that his view north would be unobstructed as he came nearer than 100 feet to the intersection of Butler with Cedar, and the testimony of Hudson is not very clear that he could see more than 200 feet north on Cedar at all times when he was within 100 feet of that street. In any event, there is other evidence to the effect that there were several trees on the north side of Butler and to the west of Cedar, and that the foliage on these trees came to within five or six feet of the ground. One witness testified that he could look through these trees and could at all times see some part of a car approaching on Cedar from the north, and that the matter of whether the view is obstructed or unobstructed would depend upon the height of the man looking and how high he was sitting at the time he looked.

It is unnecessary to comment further on the evidence to which we have referred. We regard the entire question of negligence on the part of the appellants as one of fact for the jury, with ample evidence in the record to sustain its implied finding.

■ The only other point raised is that it conclusively appears that the deceased was guilty of contributory negligence. It is argued that the marks on the ground demonstrate that the accident occurred in the southeast corner of the intersection, that the appellant Hudson so testified, and that there is no evidence to the contrary. If it were conceded that the accident happened in the southeast corner of the intersection it would not necessarily follow that the deceased was negligently driving on the wrong side

of the road. The inference might reasonably be drawn from all of the evidence that the deceased got to the east of the center line of Cedar Avenue, if in fact he was over that line, by swerving to the left at the last moment in an effort to get away from the oncoming truck. There is also evidence justifying the conclusion that the Lubenko car was not over the center line of Cedar Avenue up to the moment of the impact. It is a reasonable inference from the evidence that the marks on the surface of Butler Avenue, which have been referred to, were caused by the Lubenko car after its front wheels were broken off at the hub. There is evidence that these marks began from two to four feet east of the center line of Cedar Avenue. Where a car is struck on the side with sufficient force to demolish the front wheels, the force of the blow might naturally result in the front end dropping to the ground several feet from the point of impact, and the marks on the pavement justify the inference that the Lubenko car was not to the east of the center line of Cedar Avenue at the time it was struck. In addition, the appellant Hudson testified that when he first saw the Lubenko car it was entering the intersection and on a map which appears in the record he placed the car at that time well to the right of the center line of Cedar Avenue. Later, in his testimony, this witness stated that at the time of the impact the right-hand side of the Lubenko car was ten feet west of the center line of the traveled portion of Cedar Avenue. This evidence, in itself, disposes of the argument that the record shows without conflict that the Lubenko car was on the wrong side of the road at the time of the impact.

It is next contended that Lubenko was guilty of negligence in not looking to his right before entering the intersection. Lubenko was killed and there is no evidence as to whether or not he looked. There is a presumption that he was exercising proper care for his own safety and it might well be that he looked but misjudged the speed of the approaching truck. Whether or not he was negligent in this respect was, under the circumstances, a question of fact. It is further argued that he was negligent in that he entered the intersection at a speed greater than fifteen miles an hour. The appellant Hudson testified that his own speed in entering the intersection was twenty miles an hour and

that when he first saw the Lubenko car entering the intersection he thought it was proceeding at about the same rate of speed. A disinterested witness testified that the Lubenko car was traveling about fifteen miles an hour just before entering the intersection.

It not only appears that each claim of negligence on the part of Lubenko presents a question of fact, but a further question of that nature arises as to whether his negligence, if any, was a proximate cause of the accident. Under the evidence indicated it cannot be held as a matter of law that he was guilty of contributory negligence.

It is unnecessary to consider the authorities cited by the respective parties as the principles and rules involved are well established. Both of the points raised come down to questions of fact, with sufficient evidence in the record to sustain the verdict and judgment.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.